**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

Brian Helm,

                            Plaintiff,

-vs-                                                    Case No.  2:10-cv-746-FtM-29SPC

Larry Chatfield, et al.,

                            Defendant.

_____/

## ORDER

This matter comes before the Court on Defendant's Motion to Quash Service of Process (Doc. #40) filed on April 7, 2011.  Plaintiff *pro se* Brian Helm has not filed a response in opposition within the time allowed by Local and Federal Rules.  Accordingly, the Motion is now ripe for review.

## Background

On January 6, 2011, this Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.  (Doc. #9).  This Order entitled Plaintiff to receive summonses and Marshall 285 forms and to have the United States Marshall serve the completed summonses upon the Defendants without cost to the Plaintiff.  (Doc. #9).  Implicit in this Order was the requirement that Plaintiff conform to the Federal Rules of Civil Procedure as well as the Florida Rules of Civil Procedure.

On March 11, 2011, Plaintiff attempted service of process on Luczynski by serving a summons upon Amy Bennett, an Administrative Assistant at the Tallahassee offices of the Florida Department of Business and Professional Regulation (DBPR). The summons was served by a U.S.

Marshall pursuant to the directive/address on said summons. (Doc. #29).  Also, on March 11, 2011, Plaintiff also attempted service of process on Russo by serving a summons upon Amy Bennett, at the Tallahassee offices of the DBPR. The summons was served by a U.S. Marshall pursuant to the directive/address on said summons. (Doc. #30).  Lastly, on March 11, 2011, Plaintiff also attempted service of process on Tschetter by serving a summons upon Amy Bennett, at the Tallahassee offices of the DBPR. The summons was served by a U.S. Marshall pursuant to the directive/address on said summons. (Doc. #31).

## Discussion

Rule 4(e) of the Federal Rules of Civil Procedure provides that service of process may be accomplished by doing any of the following:

> 4(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>>
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Florida Statutes, Section 48.031(1)(a) provides similar provisions for the service of original process:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

In this case, service of process was attempted at a location that Defendants' neither reside nor work.  Luczynski, Russo and Tschetter are not employed by the DBPR, and were not employed by DBPR on March 11, 2011. Further, Defendants do not reside at the Tallahassee offices of DBPR. Furthermore, there is no indication that Amy Bennett was authorized to accept service of process on behalf Luczynski, Russo and Tschetter. As such, Plaintiff failed to effectuate proper service as to Defendant's Ned Luczynski, Ron Russo, and Jennifer A. Tschetter.  The service of process will be quashed and Plaintiff *pro se* will be afforded the opportunity to effectuate a valid service of process.  It is Plaintiff's burden to effectuate proper service or process and is required to locate these individuals in order to serve them.

Accordingly, it is now

**ORDERED:**

(1)     Defendants Luczynski, Russo, and Tschetter's Motion to Quash Service of Process (Doc. #40) is **GRANTED**.

(2)     The Clerk of the Court shall mail summonses and Marshal 285 forms to the Plaintiff. Plaintiff shall complete the forms for Luczynski, Russo, and Tschetter, and mail the forms to the Clerk of the Court within **fifteen [15] days** of the date of this order.

(3)     The Clerk shall then provide the completed forms to the United States Marshal. Upon receipt of the completed forms, **the United States Marshal is directed to serve them upon the defendant(s) without cost to the Plaintiff.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of April, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record